IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| LISA CRAMER and LARRY CRAMER, <br><br> Plaintiff, <br><br> v. <br><br> HOME DEPOT U.S.A., INC., <br><br> Defendant. | ) ) ) ) ) ) ) Cause No. 4:16-cv-152 ) ) ) ) ) |

# NOTICE OF REMOVAL

NOW COMES the Defendant, HOME DEPOT U.S.A., INC., by through its attorney ERIC C. PAPIER, of McVEY & PARSKY, LLC, and pursuant to 28 U.S.C.A. 1332, 1441 and 1446, hereby provides notice of its removal of this cause pursuant to said statutes for the following reasons:

1. On or about February 25, 2016, there was commenced and is now pending in the Superior Court of Jackson County, Indiana, in Brownstown, Indiana, a certain civil action under Case No. 36D01-1602-CT-13 in which Lisa Cramer and Larry Cramer are the Plaintiffs, and Home Depot U.S.A., Inc. is the Defendant. (See Summons and Complaint attached hereto as **Exhibit A** to Notice of Removal).

2. The aforementioned lawsuit is brought by Plaintiffs seeking damages for injuries under a premises liability theory. Plaintiff's Complaint merely prays for judgment "in an amount sufficient to reasonably compensate Plaintiffs Lisa Cramer and Larry Cramer for the damages incurred and injuries sustained, for costs, for a trial by jury on all issues, and all other just and proper relief."

3. Plaintiff Lisa Cramer alleges that she was injured while at the Seymour Home Depot Store when a "wood planks fell and struck" her. As a result of her injuries, "Lisa Cramer

sustained physical and emotional injuries, which might be permanent in nature and have affected the ability to function as a whole person" and that she "sustained physical pain and mental suffering, and it is likely physical pain and mental suffering will be experienced in the future, as a result of the injuries."

4. Plaintiff Larry Cramer alleges that he "lost the care, society, companionship, support and service of a spouse, Lisa Cramer, and it is likely that said care, society, companionship, support, or service will be lost in the future" as a result of his wife's injuries.

5. Plaintiffs' complaint did not demand a specific amount of damages.

6. Plaintiffs denied in a request for admission that the "amount in controversy in this case, including any and all claims of future damages, is not in excess of $75,000.00, exclusive of any interest or costs." As a result, Plaintiffs' damages will exceed $75,000. (See Plaintiff's Answers to Defendants' Request for Admissions, attached hereto as **Exhibit B** to Notice of Removal).

7. Plaintiffs signed and dated that request on July 22, 2016, and Defendant received the response on July 25, 2016. Defendant was not on notice of the amount of damages before July 25, 2016. See **Ex. B.**

8. Defendant states that the above lawsuit involves a controversy with complete diversity of citizenship between citizens of different states, and Defendant affirmatively states further:

    (a)    Upon information and belief, Plaintiffs were at the commencement of this action, and are now, citizens of the State of Indiana, and are residents of the State of Indiana, and are not citizens of the State of Delaware or the State of Georgia. See **Ex. A.**

    (b)    Defendant, HOME DEPOT U.S.A., INC., is a corporation duly created and organized by and under the laws of the State of Delaware with its principal place of business in the State of Georgia, and was not and is not a corporation created or organized

under the laws of the State of Indiana, nor does it have its principal place of business in the State of Indiana.

9. This matter involves a controversy between individuals who are citizens of the State of Indiana and a corporation incorporated and organized pursuant to the laws of a State other than Indiana, and who has its principal place of business in a State other than Indiana. Further, the amount in controversy, exclusive of interest and costs, satisfies the jurisdictional amount requirement. Accordingly, the District Court for the United States has original jurisdiction over this lawsuit.

10. This Notice of Removal is timely filed within thirty (30) days of service Plaintiff's Answers to Defendants' Request for Admissions, which was served on July 22, 2016 and received by Defendant on July 25, 2016.

11. Attached hereto, and made a part hereof, are copies of the following documents filed by Plaintiffs and Defendant in the Superior Court of Jackson County, Indiana under Case No. 36D01-1602-CT-13:

- Plaintiff's Summons and Complaint for Damages;
- Plaintiff's Appearance filed on February 25, 2016 (See **Ex. A**);
- Defendant's Appearance (by Christina L. Talamonti) filed on March 28, 2016; Defendant Home Depot's Motion for Extension of Time to Answer or Otherwise Plead to Plaintiff's Complaint filed March 28, 2016;
- Court's March 30, 2016 Order granting Depot's Motion for Extension of Time to Answer or Otherwise Plead to Plaintiff's Complaint (See **Exhibit C** to Notice of Removal);
- Home Depot's Motion for Withdrawal of Attorney Christina L. Talamonti as Counsel of Record filed April 20, 2016;
- Defendant's Appearance (by Eric C. Papier) filed on April 20, 2016;
- Court's April 25, 2016 Order granting Home Depot's Motion for Withdrawal of Attorney Christina L. Talamonti as Counsel of Record (See **Exhibit D** to Notice of Removal);
- Home Depot's Answer and Affirmative Defenses to Plaintiff's Complaint and Jury Demand filed April 27, 2016 (See **Exhibit E** to Notice of Removal);
- Docket entry showing Court's May 2, 2016 Order setting Telephonic Pre-Trial Conference set for May 16, 2016;
- May 16, 2016 Pre-Trial Order; and
- Defendant's Appearance (by Jonathan R. Sichtermann) filed on June 29, 2016 (See **Exhibit F** to Notice of Removal).

To Defendant's knowledge, no other documents or pleadings have been filed in said lawsuit.

12. Notice of the filing of this Removal has been given to all parties as required by law. A true and correct copy of this Removal has been filed with the Clerk of the Jackson County Superior Court, Indiana, as provided by law. (See **Exhibit G** to Notice of Removal).

13. The Defendant herein on removal demands this case be tried by a jury.

WHEREFORE, the Defendant, HOME DEPOT U.S.A., INC., prays that it may affect removal of the action from the Superior Court of Jackson County, Indiana, to the United States District Court for the Southern District of Indiana – New Albany Division, and that the matter be tried before a jury.

Respectfully submitted,

HOME DEPOT U.S.A., INC.

BY:  /s/ Eric C. Papier  
Eric C. Papier (22498-49)

Eric C. Papier, Esq.  
McVEY & PARSKY, LLC  
30 North LaSalle Street  
Suite 2100  
Chicago, IL  60602  
Phone: 312/551-2130  
Fax:    312/551-2131  
Email: ecp@mcveyparsky-law.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 21, 2016, I electronically filed the foregoing with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record identified below via transmission of Notices of Electronic Filing generated by CM/ECF and by U.S. Mail, First Class.

David W. Craig, Esq.
Scott A. Faultess, Esq.
William J. Kelley, Esq.
Christopher M. Barry, Esq.
Alexander R. Craig, Esq.
Samantha C. Craig, Esq.
Craig Kelley & Faultless, LLC
5845 Lawton Loop East Drive, Suite 1
Indianapolis, Indiana 46216

McVEY & PARSKY, LLC
Attorney for Defendant
30 North LaSalle Street
Suite 2100
Chicago, IL 60602
Tel: (312) 551-2130
Fax: (312) 551-2131

By: /s/ Eric C. Papier